IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FÉLIX LAHENS<br>*PLAINTIFF*<br><br>V.<br><br>AT&T MOBILITY PUERTO RICO, INC.; AT&T, INC.<br>*DEFENDANTS* | CIVIL NUM.:<br><br><br>CIVIL ACTION:<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

**TO THE HONORABLE COURT**:

Comes now Plaintiff, Felix J. Lahens, by and through his undersigned attorney, and respectfully **ALLEGES, STATES AND PRAYS**:

### I.
### INTRODUCTION

1. This is an action for damages and equitable relief brought pursuant to Age Discrimination in Employment Act ("ADEA"), 29 USC § 621 et seq.; as well as Law No. 100, 29 LPRA §146 for employment discrimination based on age, Law No. 80, 29 LPRA §185 for wrongful discharge, damages under Article 1802 of the Puerto Rico Civil Code (31 LPRA 5141), and Law 115 of December 20, 1991 for retaliation for having opposed unlawful practices; the Civil Rights Act of 1964 ("Civil Right Act"), 29 USC § 621 et seq.;

2. Further, the facts set forth in the instant complaint constitute violations of Plaintiff's employment rights protected by Section 1 of the

Fourteenth Amendment to the Constitution of the United States of America; and, are actionable under Title VII of the Civil Rights act of 1964, as amended (42 U.S.C. §2000e et. seq.), and Title I of the Civil Rights Act of 1991 (42 U.S.C. §1981a), The Americans with Disabilities Act, (42 USC §12101).

3. This Court has subject matter jurisdiction over the federal claims based on federal question jurisdiction, 28 USC §1331, 1343 and 1363, inasmuch as it arises under 42 U.S.C. §2000e-5, 42 U.S.C. §1981a, 29 U.S.C. §206(d) and 29 U.S.C. §1132.

4. This Court has subject matter jurisdiction over the Commonwealth claims based on pendent and/or supplemental jurisdiction. The claims brought under federal law, of age and disabilities discrimination, have sufficient substance to confer subject matter jurisdiction to this Court. The state law claims of age, retaliation, disabilities discrimination, wrongful discharge and tortuous infliction of emotional distress arise out of the same nucleus of operative facts as the federal claims, and a plaintiff would ordinarily be expected to try all claims in one judicial proceeding. Furthermore, pursuant to 42 U.S.C. §1367(a), this Honorable Court has supplemental jurisdiction over the pendent claims raised herein by the Plaintiff, pursuant to Sections 1, 8 and 16 of Article II of the Constitution of the Commonwealth of Puerto Rico, Law No. 100 of June 30, 1959, as amended (29 L.P.R.A. §146 et. seq.), Articles 1802 and 1803 of the Civil Code of the Commonwealth of Puerto Rico (31 L.P.R.A §5141 and 5142), since they are so related to the aforementioned federal claim that they all form part of the same case or controversy under Article III of the Constitution of the United

States of America. Plaintiff filed an EEOC complaint with the local EEOC office in San Juan, PR, alleging discrimination under ADA and ADEA and retaliation on March 27, 2018, and received notification of Right to Sue on October 2, 2018. Please see Exhibit 1.

## II.
## PARTIES

5. Plaintiff Felix J. Lahens ("Lahens") is a US Citizen and resident of Trujillo Alto, Puerto Rico. He is sixty two years old, married, and has four children. Lahens began working for DIRECTV PR, LLC in 2013 occupying the position of Sales Training Manager. In 2017, AT&T, Inc. bought the publicly held company DIRECTV, Inc., and Lahens became an employee of AT&T Mobility Puerto Rico, Inc. Lahens is a graduate of Florida Institute of Technology, has worked at senior level positions with top organizations and has extensive experience on people development, training and client experience worldwide. He is fluent in several languages.

6. Defendant AT&T Mobility Puerto Rico, Inc., ("AT&T") operates as a subsidiary of AT&T, Inc. AT&T is a corporation authorized to do business in the Commonwealth of Puerto Rico. AT&T was Lahens' employer for the last four years.

## III.
## FACTS

7. Lahens started to work at DIRECTV Puerto Rico Limited, DIRECTV, in March 4, 2013, as Sales Training Manager, supervising two Sales Training Specialists. His job was to create a sales training program that would

boost sales performance in the areas of direct sales at points of sales, telesales, and other sales channels within the market of Puerto Rico and US Virgin Islands.

8. Shortly after being hired, Lahens presented a plan, named Sales Excellence 777, with innovative ideas, and proposed a time frame of less than two months to develop and execute improvements to the current sales training activities.

9. However, the Training and Development Unit of the Human Resources Department of AT&T procured an outside sales consultant to provide a series of sales training activities to the direct sales force, which end up undermining the success of the sales training program created by Lahens and his training team.

10. Lahens quickly identified major flaws in the program of the outside consultant and brought it to the attention of Belkys G. Mata Mayor, Director of Sales and Marketing in AT&T and Senior Management of Lahens. Lahens recommendation to cancel said contract produced conflict and controversy in connection to Lahens performance as head of the sales training program for DIRECTV under Mata Mayor.

11. Ironically, Lahens sales training program based on sales excellence attracted the interest of sales leaders in Latin America and earned Lahens the opportunity to attend a series of meetings in Buenos Aires, Argentina with senior representatives from the DIRECTV in USA and Latin America.

12. Upon returning from a trip to Argentina, Lahens continued to propel initiatives and activities as head of the sales training program for DIRECTV Puerto Rico. However, Mata Mayor, appointed a younger and less experienced person to lead the Sales Excellence Program in Puerto Rico.

13. Although Lahens continued to do all the work related to the Sales Excellence Program, the recently assigned younger person reported the results as if she had led all of the efforts, including the creation of a Sales Coaching Mobile Application that Lahens had to reformat in order to implement it in Puerto Rico.

14. Mata Mayor undermined Lahens' position within the company by contacting his staff directly and by implementing sales training activities without considering Lahens leadership role.

15. Mata Mayor also invited Lahens' staff to meetings while excluding him. Lahens objected and requested on many occasions to be included to sales meetings but Mata Mayor did not consent. This practice of excluding Lahens intensified when Lahens was diagnosed with a very serious liver disease which required Lahens doctors in Puerto Rico referred him to seek medical care at Houston's Methodist Hospital.

16. Lahens went to Houston for said treatment, and thereafter, was notified that he had been approved for a liver transplant. In January 29, 2016, Lahens received a successful liver transplant.

17. Lahens reported back to work on April 4th, 2016, and was met with a stronger hostile work environment, discriminatory treatment and a continued

strategy of exclusion by Mata Mayor. Regardless of said unlawful and discriminatory treatment by Mata Mayor, Lahens continued his efforts to succeed and contribute.

18. Due to his post-transplant medical condition, Lahens required monthly blood tests to monitor said condition. **Lahens requested reasonable accommodation to perform these blood tests, however, the Human Resources Department declined his request for reasonable accommodation.**

19. Soon after his reinstatement back from surgery, on April 2016, and fearing he would otherwise get fired, Lahens was forced to sign a form accepting a demotion. In this new position, Lahens began reporting to Senior Manager Natacha M. Rodriguez Colon. Ms. Mata Mayor was in turn promoted to Executive Director. Lahens demotion officially got him out of attending staff meetings under the Executive Director.

20. However, Giancarlo Capelli Santos, a younger Sales Training Specialist less experienced employee (under Lahens supervision) did attend staff meetings by special invitation of Ms. Mata Mayor. This situation created a most serious and uncomfortable working environment as Lahens assistant effectively became his boss. Lahens openly objected to this treatment however, he was informed by his supervisor that he would be invited to such meetings only as needed.

21. On December 2016, Lahens presented plans to further develop the training program to Ms. Mata Mayor and Ms. Rodriguez. Lahens received

instructions from Ms. Mata Mayor to discuss and include Lahens' team in the proposed plan which Lahens did on January 9, 2017, during a strategy planning meeting on sales training for 2017. During said meeting, Lahens staff members became very confrontational and rejected almost all of Lahens' efforts and ideas. They threatened that their position would be supported by Lahens supervisor and her boss, Ms. Mata Mayor.

22. Following this meeting of January 9, 2017, Mr. Capelli filed an internal complaint against Lahens frivolously alleging "harassment". This complaint in turn resulted in Lahens receiving a disciplinary warning which included the possibility of being terminated if conduct was repeated. Lahens filed a written response rebutting the unfounded allegations including a formal communication from his lawyer.

23. On May 10, 2017, a day after Lahens traveled to Jacksonville, Florida for a medical review, he was summoned to a meeting with his supervisor, Natacha M. Rodriguez Colon. During this meeting, Lahens was presented and ask to sign a disciplinary document. Lahens asked for a copy before signing and Ms. Rodriguez Colon declined. While in Florida attending his medical follow up, Lahens got an electronic mail from his supervisor attaching the disciplinary document signed by the Executive Director, the Human Resources Director, and his supervisor. Lahens was asked to sign and return it to his supervisor.

24. Prior to Lahens departure for his medical review, Mr. Capelli confided in Lahens that he regretted filing the complaint and also stated that

management, specifically Lahens supervisor, Ms. Rodriguez Colon, the Executive Director, Ms. Mata Mayor and the Human Resources Director had instructed him to go forward with the complaint, notwithstanding his request to withdraw same.

25. During Lahens absence, his team designed a training material which Lahens had disapproved in writing because this materials included images, web posted promotions and copyright material from other companies. Lahens decision to object the use of these materials, were quickly met with strong retaliation from his supervisor and Lahens was instructed to refrain from any intervention or he would be terminated.

26. As part of his medical condition, Lahens began experiencing diabetes symptoms that required insulin injections and sporadic quick visits to the hospital when experiencing elevated glucose levels. In response to these absences, Ms. Mata Mayor retaliated against Lahens by excluding him from sales activities and meetings even though Lahens was available. Meanwhile, his assistant, Giancarlo Capelli Santos was officially invited in writing to these meetings to discuss issues and matters that were more germane to Lahens' responsibilities as the Sales Training Manager.

27. In June 2017, Lahens requested a meeting with José Juan Davila, Vice-President/General Manager of AT&T Mobility Puerto Rico Incorporated, with the purpose of presenting him innovative ideas to further and increase sales performance. Davila rejected and refused to even consider any of Lahens' proposals. Instead, he directed Lahens to seek job positions posted on the company's website, including some that were very more similar to Lahens'

actual job, and which Lahens had already applied to and was already declined. Lahens asked in writing for Davila's help on the positions solicited but was met with no response.

28. Although Lahens created an innovative sales approach that guaranteed customer's decision, deployed a method which increased the sales performance dramatically and even achieved that one of the low performing stores became next to the top store in sales, Ms. Mata Mayor selected Lahens younger and less experienced staff employee to work with AT&T Senior Sales Management on developing methodologies to boost sales, again using material with copyright restrictions. Ms. Mata Mayor use of this practice had the purpose of further alienating Lahens.

29. Upon the resignation of the person in charge of the Sales Excellence Program in Puerto Rico, Lahens asked Mata Mayor to be assigned same. Mata Mayor declined to respond and assigned important portions of these responsibilities to Lahens assistant, Giancarlo Capelli Santos, in spite of the fact that Capelli was younger and less experienced.

30. Lahens was dismissed from his employment on December 29, 2017.

### IV.
### FIRST CAUSE OF ACTION
### DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
### 42 USCA §12101

31. All allegations contained in paragraph 1 through 30 are incorporated herein.

32. Title I of ADA prohibits private employers, state and local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training and other terms, conditions and privileges of employment.

33. According to ADA, an individual with a disability is a person who has a physical or mental impairment that substantially limits one or more major life activities; has a record of such impairment; or is regarded as having such impairment.

34. Under ADA, Lahens meets the prima facie case requirements.

35. Due to Defendant's illegal and unlawful conduct under ADA, Plaintiff is entitled to an amount of no less than $500,000, plus attorney's fees.

## V.
## SECOND CAUSE OF ACTION:
## VIOLATION TO 1 LPRA §501 (PUERTO RICO'S ADA)

36. All allegations contained in paragraph 1 through 35 are incorporated herein, including relief requested.

37. Defendant's conduct is also unlawful and illegal under Puerto Rico's anti-discrimination statute as provided for under 1 LPRA §501, and the Puerto Rico's Constitution.

## VI.
## THIRD CAUSE OF ACTION:
## ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE

38. All allegations contained in paragraph 1 through 37 are incorporated herein.

39. Defendant's conduct is in violation of the Puerto Rico Constitution pursuant and according to Puerto Rico Supreme Case the case <u>Arroyo v. Rattan</u>, 117 D.P.R. 35, in violation of Article 1802 of the Puerto Rico Civil Code. and for retaliation under Law 115 of December 20, 1991. Therefore, Plaintiff has suffered damages that are conservatively estimated at $1,000,000.00.

## VII.
## FOURTH CAUSE OF ACTION: RETALIATION

40. All allegations contained in paragraphs 1 through 39 are incorporated herein.

41. Defendant has and continues to observe discriminatory and retaliatory conduct against Lahens in violation of Puerto Rico's Law 115 of December 20, 1991, and Title VII of the Civil Rights Act of 1964 as amended.

42. As a result thereof, Plaintiff is entitled to a sum no less than $1,000,000.00.

## VIII.
## FIFTH CAUSE OF ACTION: AGE DISCRIMINATION UNDER ADEA

43. All allegations contained in paragraphs 1 through 42 are incorporated herein.

44. Defendant constructively terminated Lahens' employment even though he performed his job at a level that met and exceeded his employer's expectations.

45. Lahens was sixty two years old (62) years old when Defendant constructively terminated his employment.

46. But for Defendant's motive to discriminate against Lahens because of his age, Plaintiff would not have been discharged and deprived of the benefits of his employment.

47. Defendant's discrimination against Lahens based on age was willful.

48. As a direct consequence of the discriminatory conduct of Defendant, Lahens has suffered past and future lost wages and benefits in the amount of $1,000,000.00. Moreover, Lahens is entitled to liquidate damages pursuant to 29 U.S.C. §626(b) in the amount of $1,000,000.00; and costs and attorney fees for this action pursuant to 29 USC §626 (b) in an estimated amount of not less than $300,000.00.

### IX.
### SIXTH CAUSE OF ACTION:
### AGE DISCRIMINATION UNDER 29 LPRA §146

49. All allegations contained in paragraphs 1 through 48 are incorporated herein.

50. The acts of Defendant in constructively discharging Lahens and depriving his of the benefits of his employment were due to the discriminatory motive of Defendant based on the Plaintiff's age.

51. The acts of Defendant in constructively discharging Plaintiff were without just cause.

52. As a result of the discriminatory acts of Defendant, Lahens has suffered past and future lost wages and benefits in the amount of $1,000,000.00 and pain and suffering in the amount of $1,000,000.00, and attorney fees and costs in an estimated amount of not less than $300,000.00.

## X.
## SEVENTH CAUSE OF ACTION:
## WRONGFUL DISCHARGE PURSUANT TO 29 LPRA §185a AND/OR IN VIOLATION OF COMPANY POLICY

53. All allegations contained in paragraphs 1 through 52 are incorporated herein.

54. Plaintiff was an employee in commerce and industry for Defendant, for which he worked for compensation under contract without a fixed time.

55. Defendant discharged Plaintiff from his employment without cause pursuant to 29 LPRA §185a and/or in violation of company policy, which entitles his to the approximate amount of $30,000.00.

## XI.
## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested that judgment be entered by this Honorable Court in favor of Lahens against Defendant AT&T:

a) Granting Plaintiff all the sums requested in the Complaint and any other relief on account of statute and/or equity in the form of pecuniary, punitive damages and damages for emotional pain and suffering;

b) Imposing upon Defendant the payment of all costs and expenses to be incurred in this lawsuit;

c) Granting Plaintiff any other relief that he may be entitled to as a matter of law;

d) Awarding Plaintiff pre-judgment and post-judgment interest plus a reasonable amount for attorney's fees; and

(e) Plaintiff requests trial by jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th of October, 2018.

          **s/ANIBAL LUGO MIRANDA**
          US District Court No. 130013
          **268 AVE. PONCE DE LEÓN**
          **THE HATO REY CENTER SUITE 507**
          **SAN JUAN, PR 00918**
          **TELEPHONE: (787) 765-9001**
          **FAX (787) 765-9005**
          alm@lugomirandalaw.com



**GOBIERNO DE PUERTO RICO**

Departamento del Trabajo y
Recursos Humanos

Hon. Carlos J. Saavedra Gutiérrez
Secretario

2 de octubre de 2018

Félix José Lahens
Álamo Dr. E-33, Urb. El Álamo
Guaynabo, P.R 00969

RE: <u>uadau 18-110 c/ 16H-2018-00199c</u>
Félix José Lahens Vs.
AT &T Mobility PR, Inc.

Estimado (a) señor (a):

Nos referimos al desistimiento de las querellas ante la Unidad Antidiscrimen y la Equal Employment Opportunity Comission y la solicitud de permiso para litigar sometida el **9 de agosto de 2018**, se autoriza y otorga el mismo. Se procede al cierre del caso ante la Unidad Antidiscrimen y a notificar a la Equal Employment Opportunity Comission.

Agradeceremos que informe sobre el curso o el resultado del litigio.

Este cierre administrativo tiene fecha de efectividad al recibo de esta carta.

Cordialmente,

UNIDAD ANTIDISCRIMEN

Lcda. Myriam L. Costa Malaret
Directora

ya/
c
Lcdo. Aníbal Lugo (Rep. Legal CP)
268 Ponce de León
The Hato Rey Center Suite 507
San Juan, P.R 00918

AT&T Mobility Puerto Rico, Inc. (R)
103 Oregon St.
Guaynabo, P.R 00966

Lcda. Natalia Marín Catala (Rep. Legal R)
O'neill & Borges, LLC
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, P.R 00918-1813

UNIDAD ANTIDISCRIMEN

431 Ave. Ponce de León, Piso 11 Edificio National Plaza, Hato Rey, P.R 00917   PO. Box 195540, San Juan, P.R 00919-5540
T.787. 625.3137 ext. 3259 / Fax .787.763.3000  ~  www.trabajo.pr.gov



EXHIBIT 1
1 OF 2



**GOBIERNO DE PUERTO RICO**
Departamento del Trabajo y
Recursos Humanos

Hon. Carlos J. Saavedra Gutiérrez
Secretario

October 2, 2018

Mr. Michael Farrell, Director
Equal Employment Opp. Commission
Miami District Office, Miami Tower
100 S. E., Second Street, Suite 1500
Miami, FL 33131

RE: **uadau 18-110 c/ 16H-2018-00199c**
Felix José Lahens Vs.
AT &T Mobility PR, Inc.

Dear Mr. Farrell:

Enclosed please find copy of a request for a Right-To-Sue letter sent on behalf of charging party on **August 9, 2018**. We refer this to your attention in order for the Equal Employment Opportunity Commission to grant such petition.

Sincerely,

ANTI-DISCRIMINATION UNIT

Myriam L. Costa Malaret, Esq.
Director

yal

c   Aníbal Lugo, Esq. (Rep. Legal CP)
    268 Ponce de León
    The Hato Rey Center Suite 507
    San Juan, P.R 00918

    AT&T Mobility Puerto Rico, Inc. (R)
    103 Oregon St.
    Guaynabo, P.R 00966

    Natalia Marín Catala, Esq. (Rep. Legal R)
    O'neill & Borges, LLC
    American International Plaza
    250 Muñoz Rivera Avenue, Suite 800
    San Juan, P.R 00918-1813

UNIDAD ANTIDISCRIMEN

431 Ave. Ponce de León, Piso 11 Edificio National Plaza, Hato Rey, P.R 00917   PO. Box 195540, San Juan, P.R 00919-5540
T .787. 625.3137 ext. 3259 / Fax .787.763.3000  -  www.trabajo.pr.gov

