### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Félix Lahens,** | |
| Plaintiff | CIVIL NO. 18-1776 (PG) |
| v. | |
| **AT&T Mobility Puerto Rico, Inc.; AT&T, Inc.** | |
| Defendants. | |

### <u>OPINION AND ORDER</u>

Before the court is the motion to dismiss filed by defendant AT&T, Inc. (henceforth "AT&T" or "Defendant") requesting the dismissal of all claims brought against it. In sum, AT&T argues that plaintiff Félix Lahens (henceforth "Lahens" or "Plaintiff") failed to state a claim upon which relief can be granted. <u>See</u> Docket No. 13. Subsequently, Plaintiff opposed said motion and Defendant replied. <u>See</u> Dockets No. 18, 21. After considering the parties' pleadings and the applicable law, the court hereby **GRANTS** Defendant's motion to dismiss.

### I.   BACKGROUND

Lahens is a sixty-two year old resident of Trujillo Alto, Puerto Rico. He became an employee of co-defendant AT&T Mobility Puerto Rico, Inc. (henceforth "AT&T Mobility") in 2017 when it acquired his former employer, DIRECT TV PR, LLC. <u>See</u> Docket No. 1 at 3. AT&T Mobility operates as a subsidiary of AT&T.

As Sales Training Manager, Lahens was tasked with supervising two Sales Training Specialists as well as creating "a sales training program that would boost sales performance in the areas of direct sales at points of sales, telesales, and other sales channels within the market

of Puerto Rico and US Virgin Islands." Id. at 3-4. Lahens alleges that, in spite of his excellent performance, he was continuously undermined by his superior, Belkys G. Mata Mayor (henceforth "Mata-Mayor"), in favor of less experienced, younger co-workers. At some unspecified time, Lahens was diagnosed with a serious liver disease, which required that he seek medical care at Houston's Methodist Hospital. Upon his return to work on April 4, 2016, Lahens was purportedly met "with a stronger hostile work environment, discriminatory treatment and a continued strategy of exclusion by Mata Mayor." Id. at 5-6. Subsequently, Lahens made multiple requests for reasonable accommodations needed due to his precarious medical condition, but AT&T Mobility allegedly refused to provide them. See id. at 6. AT&T Mobility purportedly continued this pattern of discriminating and undervaluing Lahens on the basis of his advanced age and medical condition until he was finally terminated on December 29, 2017. See id. at 9.

In response to the aforementioned events, Lahens filed the present claim against AT&T Mobility and AT&T. In his complaint, Plaintiff requests relief from AT&T Mobility pursuant to the American with Disabilities Act, 42 U.S.C. § 12101; Puerto Rico's anti-discrimination statute, P.R. LAWS ANN. tit. 1, § 501; Article 1802 of Puerto Rico's Civil Code, P.R. LAWS ANN. tit. 31, § 5141; Puerto Rico's Law 115 of December 20, 1991, P.R. LAWS ANN. tit. 29, § 194 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; P.R. LAWS. ANN. tit. 29, § 146; and P.R. LAWS. ANN. tit. 29, § 185a. See id. at 9-13.

## II.    STANDARD OF REVIEW

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a district court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable

inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." <u>Rivera v. Centro Medico de Turabo, Inc.</u>, 575 F.3d 10, 15 (1st Cir. 2009) (citing <u>LaChapelle v. Berkshire Life Ins. Co.</u>, 1424 F.3d 507, 508 (1st Cir. 1998)). Even though detailed factual allegations are not necessary for a complaint to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Those nonconclusory factual allegations that the court accepts as true must be sufficient to give the claim facial plausibility. <u>See</u> <u>Quiros v. Muñoz</u>, 670 F.Supp.2d 130, 132 (D.P.R. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 556).

### III.    DISCUSSION

On December 27, 2018, AT&T filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] <u>See</u> Docket No. 13. Defendant's request for dismissal is founded on the premise that Plaintiff has never been an employee of AT&T; therefore, it was unduly joined as a defendant in this case. <u>See</u> <u>id.</u> at 1. AT&T contends that it is a holding company that has no employees, property, or mailing address in Puerto Rico, and Lahens' sole employer was, at all relevant times

---

[1] Rule 12(b)(6) enables a party to present as a defense that the other party has failed "to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

to his claims, AT&T Mobility. <u>See</u> <u>id.</u> at 1-2. Accordingly, Defendant alleges that Plaintiff failed to state a claim against AT&T upon which relief can be granted.

In his opposition to AT&T's motion to dismiss, Plaintiff argues, **without citing a single case or legal authority**, that AT&T could potentially be liable for the actions of its subsidiary, AT&T Mobility, under the "single and/or joint employment doctrines." <u>See</u> Docket No. 18 at 1. Additionally, Lahens avers that dismissal of his claims at this juncture would be premature, as he should be given the opportunity to find evidence substantiating his theory during the discovery process. <u>See</u> <u>id.</u> at 3.

AT&T replied to Plaintiff's threadbare response on February 11, 2019, stating that his complaint does not contain sufficient facts showing that the single or joint employment doctrines could plausibly apply to the case at hand. <u>See</u> Docket No. 21 at 3-4. Additionally, AT&T contends that Plaintiff should not be given the opportunity to engage in a "fishing expedition" in search of facts that might help substantiate the cause of action that he effectively failed to raise in his original complaint. <u>See</u> <u>id.</u> at 5.

Under the "single employer" doctrine, "two nominally separate companies may be so interrelated that they constitute a single employer subject to liability under Title VII." <u>Melendez-Fernandez v. Special Care Pharmacy Services, Inc.</u>, No. 11-cv-1662-SEC, 2012 WL 4813528 at *3 (D.P.R. Oct. 10, 2012). In order for the "single employer" doctrine to apply, Plaintiff must include sufficient non-conclusory facts in his complaint enabling this court to infer that AT&T and AT&T Mobility possess: "(1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership." <u>Torres-Negron v. Merck & Company, Inc.</u>, 488 F.3d 34, 42 (1st Cir. 2007). However, "[a]ll four factors . . . are not

necessary for single-employer status." Id. (quoting Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1184 (10th Cir. 1999)).

On the other hand, the "joint employer" doctrine "seeks to hold an entity liable to an employee of another entity if the evidence shows that it sufficiently had power over the employee in question." Acosta v. Harbor Holdings & Operations, Inc., 674 F.Supp.2d 351, 371 (D.P.R. 2009). Factors which, if sufficiently alleged in Plaintiff's complaint, could lead to the plausible inference that AT&T and AT&T Mobility were Lahens' joint employers include whether AT&T has "supervision of [AT&T Mobility's] employees' day-to-day activities; authority to hire, fire, or discipline employees; authority to promulgate work rules, conditions of employment, and work assignment; participation in the collective bargaining process; ultimate power over changes in employer compensation, benefits and overtime; and authority over the number of employees." Id. (quoting Rivera-Vega v. ConAgra, Inc., 70 F.3d 153, 163 (1st Cir. 1995)).

Here, Plaintiff, in his response to AT&T's motion to dismiss, makes no effort whatsoever to substantiate his claim that the single employer or joint employer doctrines should apply in the present case. Furthermore, Plaintiff's complaint merely mentions that AT&T Mobility is a subsidiary of AT&T, without including any other fact that could reasonably lead this court to infer the existence of a single factor justifying the application of either the single or joint employer doctrines. Consequently, Plaintiff's complaint does not contain sufficient facts implying that either of the aforementioned doctrines could plausibly apply to the case at hand.

Not only does Plaintiff fail to argue why AT&T should be held liable for the acts of its subsidiary, his complaint's "prayer for relief" only requests that this court enter judgment against AT&T Mobility, thereby failing to state the relief that he desires to obtain from AT&T. See Docket No. 1 at 13.  This court cannot be expected to read Plaintiff's mind in an attempt to fill the gaping

holes left in his complaint and subsequent filings, as he has an obligation "'to spell out [his] arguments squarely and distinctly' . . . or else forever hold [his] peace." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). See also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (stating that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones").

This court also refuses to grant Lahens' speculative discovery request, which amounts to nothing more than a "fishing expedition" aimed at finding the cause of action that he failed to properly state in his complaint. See Artuso v. Vertex Pharmaceuticals, Inc., 637 F.3d 1, 8 (1st Cir. 2011) (stating that "a plaintiff whose complaint does not state an actionable claim has no license to embark on a fishing expedition in an effort to discover a cause of action"). Plaintiff is essentially asking this court to place the cart before the horse by requesting discovery as a means of curing the initial complaint's fatal lack of development as to his claims against AT&T. In the future, Plaintiff's counsel would do well to think twice before raising such blatantly underdeveloped arguments without, at the very least, showing a genuine effort to substantiate his theory by citing the appropriate statutes and case law.

In sum, Plaintiff has unequivocally failed to state a claim against AT&T upon which relief can be granted, and AT&T's motion to dismiss all claims brought against it is hereby **GRANTED**.

## IV.    CONCLUSION

Based on the above, the court **GRANTS** co-defendant AT&T's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and hereby dismisses the claims against AT&T, as plaintiff Félix Lahens has failed to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, March 11, 2019.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**