IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FÉLIX LAHENS,

    Plaintiff,

    v.

AT&T MOBILITY PUERTO RICO, INC.,
et al.

    Defendant.

CIVIL NO.: 18-1776 (MEL)

**OPINION AND ORDER**

**I.    Procedural Background**

On February 3, 2020, AT&T Mobility Puerto Rico, Inc. ("Defendant") filed a motion for summary judgment against Mr. Félix Lahens ("Plaintiff"). ECF No. 46. On September 8, 2020, the court dismissed with prejudice Plaintiff's federal claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et. seq.; Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et. seq.; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e et. seq. ECF No. 88, at 44-45. The court also dismissed with prejudice Plaintiff's Puerto Rico law claims under Title 29, Annotated Laws of Puerto Rico, Section 146 ("Law 100"); Title 1, Annotated Laws of Puerto Rico, Section 501 ("Law 44"); and Title 29, Annotated Laws of Puerto Rico, Section 194 ("Law 115"). Id. The court declined to exercise supplemental jurisdiction over Plaintiff's remaining Puerto Rico Law claims under Title 31, Annotated Laws of Puerto Rico, Section 5141 ("Article 1802") and Title 29, Annotated Laws of Puerto Rico, Section 185a ("Law 80") which were dismissed without prejudice. Id.

Pending before the court is Defendant's motion for reconsideration requesting that the court reconsider its ruling and dismiss Plaintiff's Puerto Rico law claims under Law 80 and

Article 1802 with prejudice. ECF No. 92, at 1. Plaintiff subsequently filed a response in opposition. ECF No. 98.

## II.     Plaintiff's Law 80 claim

Defendant requests that the court reconsider its decision and dismiss Plaintiff's Law 80 claim with prejudice. ECF No. 92, at 3-5. Defendant argues that dismissal with prejudice is warranted because Plaintiff would be precluded from bringing a Law 80 claim under collateral estoppel due to the court's finding that Defendant proffered a legitimate, nondiscriminatory reason for his termination. Id. at 4. "Puerto Rico Law 80 prohibits dismissal of employees without just cause." Hoyos v. Telecorp Comm., Inc., 488 F.3d 1, 6 (1st Cir. 2007) (citing Alvarez–Fonseca v. Pepsi Cola of P.R. Bottling Co., 152 F.3d 17, 28 (1st Cir. 1998)); 29 L.P.R.A. § 185a. The following burden-shifting framework is applicable to Law 80 claims:

> (1) the employee must [first] show that he or she has been discharged and allege that the dismissal was not justified; (2) the burden then shifts to the employer to show, by a preponderance of the evidence, that the dismissal was justified; and (3) if the employer shoulders that burden, the employee must rebut the showing of good cause.

García-García v. Costco Wholesale Corp., 878 F.3d 411, 420 (1st Cir. 2017) (citing Echevarría v. AstraZeneca Pharm. LP, 856 F.3d 119, 140 (1st Cir. 2017)).

"Good cause for dismissal is related to the proper and normal operation of the establishment." Hoyos, 488 F.3d at 6 (citing 29 L.P.R.A. § 185b); Álvarez-Fonseca, 152 F.3d at 28 ("A discharge made by mere whim or fancy of the employer or without cause related to the proper and normal operation of the establishment shall not be considered as a discharge for [just] cause."). "The statute provides six examples of just cause, including three that relate to company restructuring or downsizing." Carrasquillo-Ortiz v. American Airlines, Inc., 812 F.3d 195, 196

2

(1st Cir. 2016) (citing 29 L.P.R.A. § 185b(d), (e), (f)). Law 80 specifies, in pertinent part, that the following grounds are considered good cause for termination:

> (d) Full, temporary, or partial closing of the operations of the establishment. In those cases in which the employer has more than one office, factory, branch or plant, the full, temporary or partial closing of operations of any of these establishments where the discharged employee works shall constitute just cause for discharge pursuant to this section.
>
> (e) Technological or reorganization changes as well as changes of style, design, or the nature of the product made or handled by the establishment, and changes in the services rendered to the public.
>
> (f) Downsizing made necessary by a reduction in the foreseen or prevailing volume of production, sales, or profits at the time of the discharge or for the purpose of increasing the establishment's competitiveness or productivity.

29 L.P.R.A. § 185b(d), (e), (f). "If an employer terminates employees for one of those three reasons, however, the employer must give preference to those employees with greater seniority over those with less seniority within the same occupational classification." Carrasquillo-Ortiz, 812 F.3d at 196 (citing 29 L.P.R.A. § 185c).

In the case at hand, Plaintiff has met his initial burden under Law 80. It is undisputed that he was discharged from his employment with Defendant and he alleges in his complaint that such discharge was not justified. ECF No. 1, at 13. "Under Law 80, once an employee proves that he was discharged and alleges that his dismissal was unjustified, his employer must establish by a preponderance of the evidence that the discharge was for good cause." Hoyos, 488 F.3d at 6. Defendant alleges that Plaintiff was discharged with just cause under Law 80 because it no longer had a need for the Sales Training Manager position and that Plaintiff's termination was the result of the reduction in force that happened because of a restructuring of operations. ECF No. 46, at 26-30; ECF No. 92, at 3-4. Defendant contends that

> as a result of the elimination of DIRECTV's direct salesforce, the fact that AT&T Mobility would not sell DIRECTV's prepaid services, the consolidation of AT&T

3

>and DIRECTV's retail locations, the impact these decisions had on the size of DIRECTV's salesforce and DIRECTV prepaid sales, and the fact that AT&T Mobility already had a training team that would train its [retail sales consultants] to sell DIRECTV's services, the Decisional Unit decided that AT&T Mobility no longer needed a Sales Training Manager position in DIRECTV. Thus, the position was eliminated.

ECF No. 47, at 18, ¶ 81; ECF No. 47-1, at 5, ¶ 24. The evidence shows that beginning in 2016 "AT&T" underwent a restructuring of its operations in Puerto Rico to integrate AT&T Mobility's and DIRECTV's operations. ECF No. 68-1, at 1, ¶ 4. Prior to the integration, DIRECTV had retained the services of London Consulting to do an efficiency assessment of its operations. ECF No. 68, at 37, ¶ 1; ECF No. 68-1, at 1, ¶ 4, at 2, ¶ 7. In October and November 2015, London Consulting recommended a reorganization of DIRECTV's structure and the elimination of various positions, including Plaintiff's position of Sales Training Manager, which would result in cost reductions. ECF No. 68, at 37, ¶ 1; ECF No. 68-1, at 1-2, ¶¶ 4, 6; ECF No. 68-2. In July 2017, the Decisional Unit adopted London Consulting's recommendations to eliminate the positions included in its efficiency assessment of operations for the third reduction in force. ECF No. 68, at 36, ¶ 95; ECF No. 68, at 37, ¶ 2; ECF No. 68-1, at 1-2, ¶¶ 4-9.

     The discharge of an employee as a result of a reduction in force due to reorganization changes constitutes a valid reason of just cause under Law 80 because it is related to the "proper and regular operations of an establishment." See 29 L.P.R.A. § 185b; Sanchez Borgos v. Venegas Const. Corp., Civ. No. 07-1592, 2009 WL 928717, at *7 (D.P.R. Mar. 31, 2009) (explaining that the defendant "proffered a legitimate nondiscriminatory reason for [plaintiff's] dismissal: the reduction of the labor force, and reduction of operations at the plant. These economic reasons are understandable, and constitute good cause both under ADEA, Law 115, and Law 80."); Cruz v. Bristol Myers Squibb Co. PR, Inc., 777 F. Supp. 2d 321, 339 (D.P.R. 2011) (finding that an employee's discharge was with just cause as required by Law 80 where

4

the employee was terminated as a result of a corporate reorganization); Soto v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints, 73 F. Supp. 2d 116, 124, 132 (D.P.R. 1999) (holding that an employee's discharge was with just cause where his position was eliminated following a reorganization of the finance department).

Furthermore, "an employer's legitimate, nondiscriminatory reason proffered to sustain its burden under the McDonnell Douglas framework constitute[s] good cause under Law No. 80." See Micheo Acevedo v. Stericycle of Puerto Rico, Inc., Civ. No. 19-1652, 2020 WL 1126168, at *5 (D.P.R. Mar. 6, 2020) (citing Sanchez Borgos, 2009 WL 928717, at *7); McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-805 (1973). In the case at hand, the court analyzed Plaintiff's ADEA claims under the McDonnell Douglas framework and found that "Defendant has satisfied its step two burden because its proffered reason that Plaintiff's employment was terminated due to the reduction in force within the context of a restructuring of its operations constitutes a legitimate, non-discriminatory reason for his termination." ECF No. 88, at 28. Therefore, Defendant has established by a preponderance of the evidence that Plaintiff was discharged as a result of reorganization changes which constitutes just cause under Law 80. See 29 L.P.R.A. § 185b(e); Sanchez Borgos, 2009 WL 928717, at *7.

Because Defendant has satisfied its burden, Plaintiff "can defeat summary judgment only if he can rebut [Defendant's] just-cause showing." See Echevarría, 856 F.3d at 141. To shoulder his burden, Plaintiff must "adduce probative evidence that [Defendant] did not genuinely believe in or did not in fact terminate [Plaintiff] for the reason[s] given." Id. Plaintiff's response to the motion for summary judgment is completely silent regarding his Law 80 claims and contains no developed argumentation rebutting Defendant's just-cause showing. Plaintiff simply alleges in a conclusory manner in his declaration under penalty of perjury that

> AT&T's alleged reasons for my otherwise illegal firing are only a sham to cover up for the real discriminatory reasons. That is, that my termination was without cause, repressive and discriminatory due to my age and because AT&T perceived me to be a disabled and no longer viable employee due to my liver transplant protected medical condition.

ECF No. 61-1, at 12, ¶ 31. In the amended opinion and order, the court considered Plaintiff's discrimination claims under the ADEA and ADA and concluded that Defendant had met its burden under the McDonnell Douglas burden-shifting framework of putting forward a legitimate nondiscriminatory for eliminating Plaintiff's position as a part of a reduction in force. ECF No. 88, at 28, 38. Moreover, the court found that Plaintiff did not present sufficient evidence that Defendant's proffered non-discriminatory reason for his termination was pretext for disability or age discrimination. Id. at 29-30, 39. Therefore, Plaintiff has not rebutted Defendant's just-cause showing. Additionally, no evidence has been presented showing that there was more than one Sales Training Manager position and that principles of seniority apply to the case at hand. Thus, Plaintiff's Law 80 claim is DISMISSED WITH PREJUDICE.

### III.     Plaintiff's Article 1802 Claim

Defendant also requests that the court reconsider its ruling and dismiss Plaintiff's Article 1802 claim with prejudice. ECF No. 92, at 5-6. Under Article 1802, the general tort statute in Puerto Rico, "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 5141. "The three essential elements for general tort claims are: (1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2017).

6

Defendant argues that "Plaintiff's Article 1802 tort claim is superseded by his discrimination and retaliation claims and, therefore, fails as a matter of law." ECF No. 46, at 35-36; ECF No. 92, at 6. "Courts in this district have repeatedly held that, [t]o the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, [he] is barred from using that same conduct to also bring a claim under Article 1802." Pabón-Ramírez v. MMM Healthcare, Civ. No. 12-1743, 2013 WL 1797041, at *10 (D.P.R. Apr. 29, 2013) (citing Medina v. Adecco, 561 F. Supp. 2d 162, 175-76 (D.P.R. 2008)); Rosario v. Valdes, Civ. No. 7-1508, 2008 WL 509204, at *2 (D.P.R. Feb. 21, 2008) ("[a]s a general rule, in the face of conduct by an employer that has been typified and penalized by special labor legislation, the employee only has recourse to the relief of said Act, and is barred from seeking additional compensation under Article 1802 of the Civil Code." (citing Santini Rivera v. Serv. Air, Inc., 137 D.P.R. 1, 16 (1994))); Reyes-Ortiz v. McConnell Valdes, 714 F. Supp. 2d 234, 239 (D.P.R. 2010) (explaining that when a plaintiff's Article 1802 and Article 1803 claims "are based on the same facts that give rise to asserted causes of action under Puerto Rico's special employment statutes—Laws 80 and 100—the former are superseded by the latter."). "An additional claim under Article 1802 may only be brought by the employee-plaintiff if it is based on tortious or negligent conduct distinct from that covered by the specific labor law(s) invoked." Pabón-Ramírez, 2013 WL 1797041, at *10.

Plaintiff has brought claims under various employment statutes and Article 1802 but has failed to allege any independent basis to support his Article 1802 claims. Plaintiff has not alleged any tortious or negligent conduct distinct from that covered by the specific employment statutes. Because Plaintiff's Article 1802 claims are based on the same facts as his employment discrimination claims, his Article 1802 claims are superseded by his claims under the ADEA,

7

ADA, Title VII, Law 100, Law 115, Law 44, and Law 80. Reyes-Ortiz, 714 F. Supp, 2d at 239.

Therefore, Plaintiff's Article 1802 claim is DISMISSED WITH PREJUDICE.

**IV.    Conclusion**

For the foregoing reasons, Defendant's motion for reconsideration (ECF No. 92) is GRANTED. Accordingly, Plaintiff's Puerto Rico law claims under Law 80 and Article 1802 are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of December, 2020.

s/Marcos E. López
U.S. Magistrate Judge
